UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| MARY ALLISON HEBERT, | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | CASE NO. 1:14-CV-252 |
| | § | |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Commissioner of Social Security | § | |
| Defendant. | § | |

## ORDER OVERRULING OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION

The Plaintiff requests judicial review of a final decision of the Commissioner of Social Security Administration with respect to her application for disability-based benefits. This matter has been referred to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge submitted a report recommending that the decision of the Commissioner be affirmed. The court has considered the report and recommendation filed on December 9, 2015 (Doc. No. 17), the Plaintiff's objections (Doc. No. 18). The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. See Fed. R. Civ. P. 72(b). After careful consideration, the court concludes that the Plaintiff's objections are without merit. Therefore, the court **ACCEPTS** the magistrate judge's recommendation, **OVERRULES** the Plaintiff's objections, and **AFFIRMS** the Commissioner's denial of benefits.

In her objections, Hebert essentially repeats the same arguments she made in her initial briefing. She asserts that the ALJ failed to properly consider the medical opinion evidence in determining Hebert's ability to work. Hebert also argues that vocational expert (VE) testimony

conflicts with the Dictionary of Occupational Titles (DOT), and that conflict was not resolved. She further states that the alternative jobs listed by the VE do not comport with the ALJ's restriction to "simple" work.

1.  Medical Opinion Evidence

Hebert argues that Dr. Mark Kubala, Dr. Suresh Indupalli, and Dr. Charles Clark have all opined that she is unable to work, and ALJ Whitney failed to evaluate these opinions under the factors set forth under 20 C.F.R. § 404.1527. She states that Judge Hawthorn erred in finding that these opinions are ultimate conclusions reserved for the Commissioner and are not "medical opinions." Hebert points to the Appeals Council Order in which theses opinions are referred to as "treating sources opinions."

Judge Hawthorn did correctly point out that "[a]mong the opinions by treating doctors that have no special significance are determinations that an applicant is 'disabled' or 'unable to work,'" and that these statements are legal conclusions that are "reserved to the Commissioner." Frank v. Barnhart, 326 F.3d 618, 620 (5th Cir. 2003) (citing 20 C.F.R. § 404.1527(e)(1)). However, in addition, he also noted that Dr. Clark's ultimate opinion that Hebert could, in fact, perform a limited range of sedentary work activity was given "significant weight" over all of the other competing medical opinions. Therefore, regardless as to whether those other opinions are medical treating source opinions or not, it was not necessary for the ALJ to perform the analysis set forth in 20 C.F.R. § 404.1527(d). Newton v. Apfel, 209 F.3d 448, 458 (5th Cir.2000) (An ALJ does not have to perform a detailed analysis under the factors in the regulation "where there is competing first-hand medical evidence and the ALJ finds as a factual matter that one doctor's opinion is more well-founded than another" or in cases in which "the ALJ weighs the treating physician's opinion

on disability against the medical opinion of other physicians who have treated or examined the claimant and have specific medical bases for a contrary opinion."); see also Alejandro v. Barnhart, 291 F. Supp. 2d 497, 507–11 (S.D. Tex. 2003); Contreras v. Massanari, No. 1:00–CV–242–C, 2001 WL 520815, at *4 (N.D. Tex. May 14, 2001) ("The Court's decision in *Newton* is limited to circumstances where the administrative law judge summarily rejects the opinions of a claimant's treating physician, based only on the testimony of a non-specialty medical expert who had not examined the claimant."). Consequently, this objection is overruled.

2.  VE and DOT Conflict

Hebert also objects to Judge Hawthorn's finding that although there was a conflict between the VE's testimony and the DOT, the ALJ identified the conflict and gave a reasonable explanation. The ALJ found that Hebert was capable of a limited range of sedentary work; however, the VE stated that Hebert could perform jobs that were classified by the DOT as light, unskilled work. Judge Hawthorn reported that the ALJ noted the conflict at the administrative hearing and continued to question the VE regarding the conflict to obtain a reasonable explanation. The VE explained that even though the jobs are classified as light, they fit the residual functional capacity because they are mostly sitting and would also allow for a person to use a cane to ambulate. (Tr. 48.) He also reduced the percentage of jobs that fit for the office helper position.

Judge Hawthorn correctly noted that courts in this district and sister districts have applied *Carey's* holding to even direct conflicts between VE testimony and the DOT. See Johnson v. Barnhart, 285 F. Supp. 2d 899, 913–14 (S.D. Tex.2003); Augustine v. Barnhart, No. 1–00–CV–749, 2002 WL 31098512 at *9–10 (E.D. Tex. Aug.27, 2002); Hollan v. Apfel, No. 3–00–CV–0002–H, 2001 WL 180151 at *6 (N.D. Tex. Feb.20, 2001); Conaway v. Astrue, No. 3–07–CV–0906–BD,

2008 WL 4865549 at *7 (N.D. Tex. Nov.10, 2008). Therefore, VE testimony may be accepted over a conflicting provision of the DOT so long as "the record reflects an adequate basis for doing so." Carey v. Apfel, 230 F.3d 131, 146 (5th Cir. 2000). Vocational experts are used and relied upon because they are uniquely "familiar with the specific requirements of a particular occupation, including working conditions and the attributes and skills needed." Fields v. Brown, 805 F.2d 1168, 1170 (5th Cir.1986). Social Security Regulation 00-4p emphasizes that the "DOT lists maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings. A VE, VS (vocational specialist), or other reliable source of occupational information may be able to provide more specific information about jobs or occupations than the DOT." SSR 00-4p, 2000 WL 1898704, at*2 (2000). In this instance, the VE provided an adequate basis or reasonable explanation as to why Hebert could perform these jobs classified as light work, so this objection must also be overruled. See Barratt v. Astrue, No. 07-51067, 2008 WL 2325636, at *2-3 (5th Cir. June 6, 2008) (The Court noted that the vocational expert's response to the ALJ's hypothetical and plaintiff's own testimony provided an adequate basis for the ALJ to rely on the vocational expert's testimony where he identified a semi-skilled medium job for a plaintiff limited to a unskilled light RFC.); Aguirre v. Astrue, No. CIV A 1:07CV093-CECF, 2008 WL 4129253, at *14 (N.D. Tex. Sept. 5, 2008) (Court found no error where VE identified a cleaner job listed at the medium exertional level by the DOT and applied it to the plaintiff at a reduced number to accommodate his light exertional level.).

  3. <u>Reasoning Level Three vs. Simple Work</u>

Finally, Hebert argues that the jobs of ticket seller and clerk cashier do not comport with a "simple work" limitation because they have a reasoning level of three and the job of office helper

has a reasoning level of two. Admittedly, there seems to be a split of authority on this issue, but Hebert argues that the line of cases cited by Judge Hawthorn from this district and sister districts finding that there is no conflict between an RFC of simple work and a job with a reasoning level of two or three should be disregarded in favor of cases from other states outside of this circuit. However, even if Hebert's point were taken as true, that there is a conflict, it would at most be an implied conflict. As an implied conflict, Hebert would have waived any argument to this error because her counsel did not ask any questions regarding this issue at the administrative hearing. See Carey, 230 F.3d at 146 (admonishing that claimants may not "scan the record for implied or unexplained conflicts between the specific testimony of an expert witness and the voluminous provisions of the DOT, and then present that conflict as reversible error, when the conflict was not deemed sufficient to merit adversarial development at the administrative hearing.").

Furthermore, as noted by Judge Hawthorn, the classification of jobs as "unskilled indicates that they are by definition simple." Gaige v. Astrue, No. 4:12-CV-008-A, 2013 WL 1291754, at *14 (N.D. Tex. Mar. 1, 2013), adopted in 2013 WL 1286289 (citing Pete v. Astrue, No. CIVA 08-774, 2009 WL 3648453, at *5 (W.D. La. Nov. 3, 2009)). The three jobs identified by the VE have a specific vocational preparation (SVP) of 2, which is unskilled. For all of the reasons above, this final objection is also overruled.

Accordingly, all of the Plaintiffs objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is

**ADOPTED**.  A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

So **ORDERED** and **SIGNED** this **6**   day of **February, 2016.**

_____
Ron Clark, United States District Judge